10815

### PERKINS v. DUNCAN

(110 S. E. 396)

1. APPEAL AND ERROR—QUESTION AS TO CORRECTNESS OF INSTRUCTION HELD PURELY ACADEMIC.—In action for damages for refusal to accept shipments of sugar, wherein defendant sought damages for breach of contract to promptly ship, an assignment of error complaining of an instruction stating that defendant had a cause of action against the railroad for delay raised a purely academic question; the rights of the defendant against the railroad not being before the Court.

2. SALES—INSTRUCTION THAT DELIVERY TO RAILROAD WAS DELIVERY TO CONSIGNEE HELD ERROR.—Where seller of carload of sugar loaded the sugar at its plantation, and consigned it to itself at New Orleans by mistake, and when the sugar reached New Orleans the bill of lading was changed so that purchaser was made consignee at a different destination, the Court erred in charging that delivery to the railroad was delivery to the purchaser, and that seller was not chargeable with delay by the railroad; there being no delivery to the purchaser until the bill of lading was changed.

3. TRIAL—INSTRUCTION HELD ERRONEOUS AS CHARGE ON FACTS.—In an action for damages for refusal to accept shipment of sugar, a charge *held* erroneous as assuming the shipment was delivered to railroad to be transported to defendant at a certain time.

Before SEASE, J., Union, May, 1921. Reversed and new trial ordered.

Action by Bishop C. Perkins, doing business as Bishop C. Perkins Co., against T. C. Duncan. Verdict for plaintiff and defendant appeals.

*Messrs. Barron, Barron & Barron,* for appellant, cite: *Vendor promised shipment at certain time and was bound to a performance at the time stated*: 9 Cyc., 604, 628; 25 Conn., 530. *If time is of the essence of contract only an act of God will excuse failure of performance*: 31 Pa., St. 218. *Title in shipper and purchaser had no claim against railroad for delay*: 100 S. C., 306. *Improper for Judge to select isolated fact and state its effect to jury*: 70 S. C., 75.

*Messrs. Sawyer & Kennedy,* for respondent, cite: *Testimony as to understanding of contract where contract itself is plain*: 46 S. C., 220; 24 S. C., 359. *Judge not witness must construe written instrument*: 59 S. C., 581; 66 S. C., 22 *Delivery to carrier of f. o. b. shipment was delivery to consignee*: 112 S. C., 323; 115 S. C., 482; 24 R. C. L., 40; 59 S. C., 581; 46 S. C., 220. *Court can only look to terms of written contract*: 108 S. E., 295; 46 S. C., 411; Greenl. Ev., Sec. 275; 16 R. C. L., 1030; 66 S. C., 22. *Whole record shows that verdict was a proper one*: 93 S. C., 299; 115 S. C., 414; 93 S. C., 420. *Telegrams constituted contract*: 77 S. C., 219. *No question made as to sale of sugar to save demurrage*: 34 S. C., 508; 114 S. C., 387; 24 R. C. L., 108-9-114; 68 S. C., 363.

January 25, 1922.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages alleged to have been sustained by the plaintiff on account of the refusal of the defendant to accept two cars of sugar, one of which, under the contract between the plaintiff and defendant, was to be shipped promptly, and the other in about ten days.

The plaintiff was doing business in New Orleans, La., and the defendant was a resident of Union, S. C. One of the carloads was shipped to the plaintiff at New Orleans from its plantation at Sterling, La., a railroad station about 70 miles from New Orleans, on the 6th of December; it was reconsigned at New Orleans to the defendant, and arrived at Union, S. C., on the 26th of December. The other carload was also shipped from Sterling, La., but consigned to the defendant, and arrived at Union, S. C., on the 31st day of December.

On the 8th of December the defendant sent the following telegram to the plaintiff:

*plain*: 46 S. C., 220; 24 S. C., 359. *Judge, not witness, must*

"What has become of sugar purchased November twenty-sixth?"

To which the plaintiff replied:

"Your sugar shipped from plantation. Will forward car number later."

His Honor, the presiding Judge, charged the jury as follows:

"You will notice, gentlemen, that this is two suits in one, so to speak. The plaintiff sues the defendant and the defendant sues the plaintiff. Both allege damages by reason of the breach of the contract, and that brings a contract prominently before you. There is no contention between the parties as to what the original contract was. It has been repeated to you from telegrams by both sides several times, and the contract is that the defendant ordered and agreed to take from the plaintiff two carloads of sugar to be promptly shipped at a given price, on which every person to the controversy is agreed, and that the shipment was to be made f. o. b. some place named in the contract. Now, the word 'prompt' appears in the contract—'prompt shipment'—and that is the main point of contention in the case, and I think a great deal of argument and testimony could have been eliminated. The question—and the main question—for you to consider is whether or not the plaintiff promptly shipped. If he did, the plaintiff is entitled to recover at your hands the amount that he has lost by reason of the failure of the defendant to accept the sugar. If he did not ship promptly—and you are to say what 'promptly' is, within what time 'promptly' meant—then the plaintiff would not be entitled to recover. I charge you, gentlemen, that any delay by the railroad, or its agents and employees, cannot be chargeable to the plaintiff, and, if Mr. Duncan was damaged by reason of the delay or negligent delay of the railroads in the handling of the sugar after it was delivered to them by the plaintiff, he

cannot recover against the plaintiff. His remedy, if he had any, would be against the railroad, because their delivery to the railroad is a delivery to the defendant. However, the plaintiff is liable for any delay that amounted to lack of promptness in the delivery of the goods to the railroad or common carrier, and the plaintiff would be bound by the acts of all of its agencies that it might have employed in delivering the sugar to the railroad. I believe it is agreed by the argument of counsel on both sides that one of these cars was delivered on the 6th of December to the railroad, and that is a delivery to Mr. Duncan. Now, was that a prompt shipment? Was that shipment a prompt delivery to the railroad? If it was, the plaintiff is entitled to recover on the contentions set out in his complaint. If it was not a prompt delivery to the railroad for shipment, then the plaintiff is not entitled to recover, and, as I see the case, that is the heart of it. The same thing would apply to the other car. It is not definitely admitted by both sides, that is, they do not agree as to when that shipment took place, or, that is, when that delivery to the railroad for shipment took place; you have to decide that from the testimony, and, in fact, you have to decide when any one of the cars was delivered for shipment to the railroad. I believe you gentlemen admitted that one of the cars was given to the railroad for shipment on the 6th day of December; is that correct? If not, you had better speak up now.

"Mr. Sawyer: That is our contention, your Honor."

"Mr. Barron: The record shows that the delivery was for shipment to Bishop C. Perkins & Co., at New Orleans."

"Mr. Sawyer: Your Honor, the contract only provides for prompt shipment of one car; the other was later."

"The Court: Gentlemen, prompt shipment for one car, and the other shipment about ten days later, and you are to find out what about ten days later meant, from all the

testimony.    I would say that prompt shipment is a relative term, and it would be governed by all the circumstances surrounding the situation.    What would be prompt in one matter would not be prompt in another.    That is a matter for you.    I cannot tell you, as a matter of law, what would be a prompt delivery of sugar. * * *"

The jury rendered a verdict in favor of the plaintiff for $2,029.08.    The defendant thereupon made a motion upon the minutes of the Court for a new trial, which was refused. He then appealed upon exceptions, the first of which that will be considered is as follows:

"His Honor erred in charging the jury as follows:    'I charge you, gentlemen, that any delay by the railroad or its agents and employees cannot be chargeable to the plaintiff, and if Mr. Duncan was damaged by reason of the delay, or negligent delay, of the railroads in the handling of the sugar, after it was delivered to them by the plaintiff, he cannot recover against the plaintiff.    His remedy, if he had any, would be against the railroad, because their delivery to the railroad is a delivery to the defendant'—it being respectfully submitted that, under the testimony and facts of this case, wherein the undisputed testimony was to the effect that an error had been made in the shipment of the first car of sugar, and that the same was consigned in shipment from plantation from Sterling, La., to Bishop C. Perkins & Co., at New Orleans; that the car was billed to Bishop C. Perkins & Co. at New Orleans; that the error was discovered by the plaintiff when the sugar reached New Orleans, and the bill of lading changed from shipment to plaintiff to defendant at Union, S. C., the error being that, under these circumstances, the defendant, Duncan, has no remedy against the railroad on account of delay between Sterling, La., and New Orleans, and delivery to railroad was not delivery to defendant on first shipment from Sterling to New Orleans as charged."

The first assignment of error, on the ground that the defendant, Duncan, has no remedy against the railroad on account of delay between Sterling, La., and New Orleans, raises a purely academic question, as the rights of the defendant against the railroad are not before the Court.

The second assignment of error, on the ground that the delivery to the railroad was not delivery to defendant, on first shipment from Sterling to New Orleans, must be sustained, for the reason that delivery to the defendant did not, in law, take place until the carload was consigned to him at Union.

The other exception which we will consider is as follows:

"His Honor erred in charging the jury as follows, to wit:

" 'I believe it is agreed by counsel on both sides that one of these cars was delivered on the 6th of December to the railroad, and that is a delay to Mr. Duncan. Now, was that prompt shipment? Was that shipment a prompt delivery to the railroad? If it was, the plaintiff is entitled to recover on the contentions set out in his complaint. If it was not a prompt delivery to the railroad for shipment, then the plaintiff is not entitled to recover, and, as I see the case, that is the heart of it. * * * I believe that you gentlemen admitted that one of the cars was given to the railroad for shipment on the 6th of December; is that correct? If not, you had better speak up now.

" 'Mr. Sawyer: That is our contention, your Honor.

" 'Mr. Barron: The record shows that the delivery was for shipment to Bishop C. Perkins & Co. at New Orleans.'
—the error being that his Honor thereby charged and instructed the jury as a fact in the case that the first car of sugar was delivered to the defendant, Duncan, by being delivered to the railroad on the 6th of December, and,

when it was called to his Honor's attention that the defendant, Duncan, contended that the car of sugar was delivered to the railroad consigned and billed to the plaintiff at New Orleans instead of to the defendant, the same being shipped from the plantation at Sterling, La., to New Orleans, to the plaintiff, and thence reconsigned to the defendant at Union, S. C., his Honor failed to correct the said charge placed before the jury as an admitted fact, thereby charging upon the facts of the case in violation of the Constitutional provision that Judges shall not charge juries upon the facts."

His Honor, the presiding Judge, was in error when he charged that the car delivered to the railroad on the 6th of December was a delivery to the defendant. This was prejudicial to the rights of the defendant, in that it was a charge upon the facts. It was also erroneous for the reason that it was misleading, as the defendant had the right to show delay on the part of the plaintiff and its agencies, for which it was responsible, up to the time of the reconsignment of the first carload when it arrived at New Orleans.

None of the other exceptions show judicial error.

Reversed, and remanded for a new trial.